UNITED STATES, Appellee

v.

Carl T. BRIDGES, Fireman Machinery Technician
U.S. Coast Guard, Appellant

No. 07-0701

Crim. App. No. 1233

United States Court of Appeals for the Armed Forces

Argued March 11, 2008

Decided May 12, 2008

EFFRON, C.J., delivered the opinion of the Court, in which
BAKER, ERDMANN, STUCKY, and RYAN, JJ., joined.


Counsel


For Appellant:  Lieutenant Commander Necia L. Chambliss
(argued); Lieutenant Commander Nancy J. Truax and Captain Teresa
Lynn Raymond.

For Appellee:  Lieutenant Commander Patrick M. Flynn (argued).



Military Judge:  Timothy G. Stueve



THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

Chief Judge EFFRON delivered the opinion of the Court.

A special court-martial composed of a military judge sitting alone, convicted Appellant, pursuant to his pleas, of insubordinate conduct toward a superior petty officer (two specifications), wrongful use of controlled substances (three specifications), and breaking restriction, in violation of Articles 91, 112a, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 891, 912a, 934 (2000). The sentence adjudged by the court-martial and approved by the convening authority included a bad-conduct discharge, confinement for 120 days, and reduction to pay grade E-1. The United States Coast Guard Court of Criminal Appeals affirmed. United States v. Bridges, 65 M.J. 531, 535 (C.G. Ct. Crim. App. 2007).

On Appellant's petition, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ABUSED HIS DISCRETION
> WHEN HE ADMITTED PROSECUTION EXHIBIT 3 OVER
> DEFENSE OBJECTION BECAUSE IT WAS EXTRINSIC
> EVIDENCE OF SPECIFIC ACTS OF MISCONDUCT OFFERED
> TO REBUT AN OPINION. See United States v.
> Hallum, 31 M.J. 254 (C.M.A. 1990).

For the reasons set forth below, we affirm.


I.  BACKGROUND

During the sentencing proceeding, the Government introduced documentary evidence from Appellant's personnel records showing

2

entries for abusive behavior, use of disrespectful language to a superior petty officer, and tardiness.  In addition, Appellant's commanding officer testified about the adverse impact of Appellant's insubordinate conduct and drug offenses on the efficiency and discipline of Appellant's command.  The Government also introduced testimony regarding the adverse impact resulting from Appellant's violation of his pretrial restriction.

The defense's sentencing case consisted primarily of Appellant's unsworn statement and letters offered in mitigation from family members and acquaintances who wrote favorably of Appellant's character and rehabilitative potential.  In the unsworn statement, Appellant said that "I learned more about life in the past year and the time that I've spent in the Coast Guard than any other part of my life."  In addition, Appellant requested that he not receive a bad-conduct discharge.  He did not address the subject of confinement.

When the defense offered the letters in mitigation, the Government objected that the letters contained inadmissible hearsay.  The military judge granted a defense motion to relax the rules of evidence during sentencing and admit the letters into evidence.  See Rule for Courts-Martial (R.C.M.) 1001(c)(3).

In one of the letters, written on October 22, 2004, shortly before Appellant's court-martial, Appellant's father stated that

although his son had "made some poor choices and used bad judgment on more than one occasion," he had "grow[n] up quite a bit over the last several months." Appellant's father added that "[t]he whole experience of being in the Coast Guard (even in the Brig) has helped him grow and develop as a man," and that his son was "more squared away now than he has ever been in his life."

The prosecution, in rebuttal to the letter from Appellant's father, offered a letter to trial counsel from the officer-in-charge of the brig where Appellant had been in pretrial confinement since July 2004. The letter, dated September 2, 2004, noted that Appellant had "displayed a negative attitude while in confinement, consistently displaying an uncooperative attitude toward Brig staff as well as appearing to have a negative influence on his peers." The letter indicated that a Discipline and Review Board recently found that Appellant had violated several prison regulations. The letter noted that Appellant had been placed in "Desegregation" for "Disobedience, Disrespect, Staff Harassment and Provoking words and Gestures."

Defense counsel objected to the admission of the letter from the brig official, arguing that it was not proper rebuttal, that it contained improper aggravation evidence, and that its probative value was substantially outweighed by the danger of

unfair prejudice.  In addition, defense counsel maintained that the brig letter could not be used to rebut the father's letter because it predated the father's letter.  Defense counsel asserted that the letter from Appellant's father did not purport to reflect on his behavior in the brig, but instead constituted an opinion as to "what he feels his son has gained from the Coast Guard."  In response, trial counsel asserted that the brig letter rebutted the impression left by the father's letter that Appellant's behavior improved in the brig.  The military judge admitted the brig letter without comment.

During closing argument on sentencing, trial counsel asserted that Appellant's actions demonstrated a pattern of disobedience which brought discredit on his unit, as evidenced by the unfavorable administrative entries in Appellant's personnel records, the testimony regarding the adverse impact of Appellant's conduct, and the brig letter.  Referring to the brig letter, trial counsel argued that Appellant continued on a "downhill course of discrediting his service and showing disrespect. . . . Even confinement did not alter his course."

In his sentencing argument, defense counsel characterized Appellant's actions as "youthful indiscretions," noting that Appellant was nineteen years old at the time of the offenses and the court-martial.  Defense counsel argued that Appellant would become a valuable servicemember with additional training and

leadership, and emphasized that a bad-conduct discharge would "do nothing but hurt this individual at a very young stage in life on a permanent basis."

Trial counsel recommended that the military judge sentence Appellant to a bad-conduct discharge, 150 days confinement, and reduction to pay grade E-1. Defense counsel recommended a sentence of no more than ninety days confinement and reduction to pay grade E-2. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 120 days, and reduction to E-1.

On appeal, the Coast Guard Court of Criminal Appeals held that the military judge did not err in admitting the letter from the brig official during the sentencing phase. Bridges, 65 M.J. at 534-35. The lower court concluded that the letter served as proper rebuttal because it put the father's letter "in perspective by offering a different viewpoint" on Appellant's behavior. Id. at 534. The court further concluded that the probative value of the brig letter was not outweighed by the danger of unfair prejudice to Appellant. Id.; see Military Rule of Evidence (M.R.E.) 403.


II.  DISCUSSION

The granted issue asks whether the military judge erred by admitting the letter from the brig official as rebuttal.

Appellant argues that a military judge commits an abuse of discretion by allowing the Government to introduce any extrinsic evidence of specific acts of misconduct to rebut an accused's presentencing character evidence.  Additionally, Appellant contends that the brig letter did not factually rebut the father's letter and was unfairly prejudicial because it tended merely to allege that Appellant committed acts of uncharged misconduct.  The Government responds that the military judge properly admitted the brig letter in rebuttal to the father's letter.  The Government argues that the brig letter tended to disprove or counteract the impression left by the father's letter regarding Appellant's behavior in the brig, and the probative value of the brig letter outweighed any prejudice to Appellant.

Under Article 59(a), UCMJ, an error of law regarding the sentence does not provide a basis for relief unless the error materially prejudiced the substantial rights of the accused. See Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000); United States v. Griggs, 61 M.J. 402, 410 (C.A.A.F. 2005).  Assuming, without deciding, that the brig letter was erroneously admitted over defense objection, we conclude that the alleged error was not prejudicial under Article 59(a), UCMJ.  The sentence in the present case was adjudged by a military judge.  As the sentencing authority, a military judge is presumed to know the

law and apply it correctly absent clear evidence to the contrary. United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F. 2007); United States v. Mason, 45 M.J. 483, 484 (C.A.A.F. 1997). There is no indication that the military judge gave significant weight to the brig violations noted in the letter from the brig official, see United States v. Gorence, 61 M.J. 171, 174 (C.A.A.F. 2005), particularly in light of the fact that the record contained ample additional evidence in aggravation from Appellant's personnel records and the testimony of witnesses. See Griggs, 61 M.J. at 410. At oral argument, appellate defense counsel acknowledged that, in view of Appellant's offenses, it was likely that a bad-conduct discharge and reduction to the lowest enlisted grade would have been adjudged even if the letter from the brig official had not been admitted into evidence. In that context, the issue of prejudice on appeal primarily involves a relatively brief period of confinement (120 days), which was only thirty days longer than the maximum amount of confinement recommended by defense counsel.

Under these circumstances, we are confident that any error in the admission of the brig letter did not substantially influence the adjudged sentence. See Griggs, 61 M.J. at 410; United States v. Boyd, 55 M.J. 217, 221 (C.A.A.F. 2001). Appellant has not demonstrated that any error materially prejudiced his substantial rights. See Article 59(a), UCMJ.

8

## III.  DECISION

The decision of the United States Coast Guard Court of Criminal Appeals is affirmed.