# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, J.A. FISCHER, M.K. JAMISON**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**CASSIDY L. BLACK**
**CORPORAL (E-4), U.S. MARINE CORPS**

**NMCCA 201300292**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 25 April 2013.
**Military Judge**: Maj Y.J. Lee, USMCR.
**Convening Authority**: Commanding General, 2d MAW, Cherry Point, NC.
**Staff Judge Advocate's Recommendation**: LtCol J.J. Murphy, USMC.
**For Appellant**: Maj John J. Stephens, USMC.
**For Appellee**: LCDR Keith B. Lofland, JAGC, USN.

**20 March 2014**

---------------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, in accordance with his pleas, of one specification of fraternization, one specification of making a false official statement, one specification of wrongful sexual contact, and two specifications of assault consummated by battery, in violation of Articles 92, 107, 120, and 128, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 907, 920, and 928. The military judge sentenced the appellant to confinement for 12

months, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the adjudged sentence.

The appellant now assigns three errors:  in summary, he asserts that the military judge failed to consider the appellant's time in pretrial restriction in determining a sentence; that the Article 32, UCMJ, investigating officer's failure to disqualify himself violated his right to a fair and impartial Article 32 investigation; and that the Commandant of the Marine Corps exerted unlawful command influence through a series of lectures known as the "Heritage Brief".

After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred.  Arts. 59(a) and 66(c), UCMJ.

**Discussion**

## Pretrial Restriction

The appellant was placed in pretrial restriction on 28 December 2012 and served continuously until the court session during which he pled guilty and was sentenced on 25 April 2013. The appellant did not contend at trial, nor does he contend on appeal, that his pretrial restriction entitles him to relief because it was tantamount to confinement or otherwise illegal. *See United States v. Mason*, 19 M.J. 274 (C.M.A. 1985) (summary disposition); *United States v. Suzuki*, 14 M.J. 491, 493 (C.M.A. 1983). However, the appellant asserts he is entitled to sentence relief because the military judge did not consider the appellant's time spent in pretrial restriction in determining a sentence.  To support this claim, the appellant cites to a lack of a clear expression on the record by the military judge that he considered the appellant's pretrial restriction in his sentence calculation.  Additionally, the appellant maintains that the amount of adjudged confinement indicates the military judge did not account for the 118 days the appellant spent on pretrial restriction.

The appellant's pretrial restraint was accurately reflected on the charge sheet and noted by the military judge in his summation of a RULE FOR COURTS-MARTIAL 802, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.) conference held between the parties immediately before the court-martial.  Charge Sheet and Record at 16.  Additionally, the military judge stated that the court

2

"will note the personal data on the charge sheet" which included the nature of pretrial restraint and the dates imposed.  Record at 86.

Judges are presumed to know the law and apply it correctly. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009). That presumption holds absent clear evidence to the contrary. *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008) (citing *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) and *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)).  The appellant cites no relevant authority to support his contention that he is entitled to calculated credit against confinement for his time spent in pretrial restriction.  Here the evidence is clear that the military judge was fully aware of the appellant's pretrial restriction and nothing in the record suggests that he did not appropriately consider it in determining the adjudged sentence.

## Article 32 Investigating Officer

At the appellant's Article 32 investigation that commenced on 11 October 2012, the trial defense counsel objected to Lieutenant Colonel (LtCol) P serving as the investigating officer because of alleged bias against the accused.  This alleged bias was based on comments the investigating officer made when he provided professional military education (PME) to several junior Marine Corps officers, who were law students at the time, regarding the practice of military justice in general, and the role of a trial counsel in particular.[1]  In discussing trial strategy, he encouraged the junior officers to aggressively charge and to prosecute cases and referred to accused service members as "scumbags."  Additionally, he described jury members as "morons," and said he despised them. Two of the officer attendees provided written statements summarizing their recollection of LtCol P's comments.  A fair read of one statement is that the officer had mixed thoughts as to whether the remarks were odd or intended to be humorous. Appellant's Brief of 30 Sep 2013 at 13-14; Government Brief of 2 Dec 2013 at 5.

At the Article 32 hearing, trial defense counsel objected to LtCol P serving as the investigating officer and requested that he recuse himself.  Investigating Officer's Report at 1. LtCol P denied this request.  *Id.*  LtCol P completed the Article 32 investigation and provided his report to the CA.  The CA then

---

[1] LtCol P was a sitting military judge at the time he provided the PME.

referred the charges for trial by a general court-martial. The appellant raised no objections at trial concerning the Article 32 investigation, the investigating officer, or referral of the charges. We find the appellant's unconditional guilty plea waived any issues concerning the investigating officer. *See United States v. Bradley*, 68 M.J. 279, 281 (C.A.A.F. 2010) (holding that an unconditional guilty plea waives all nonjurisdictional defects at earlier stages of the proceedings). Assuming arguendo that waiver does not apply, the appellant has failed to show the investigating officer was biased towards him or that the appellant suffered any prejudice from LtCol P's actions as the investigating officer.

## Unlawful Command Influence

The appellant also avers that the Commandant of the Marine Corps exerted unlawful command influence (UCI) on his court-martial based on statements the Commandant made in a series of lectures known as the "Heritage Brief." We review allegations of UCI *de novo. United States v. Villareal*, 52 M.J. 27, 30 (C.A.A.F. 1999). Article 37(a), UCMJ, states, "No person subject to this chapter may attempt to coerce or, by any unauthorized means, influence . . . the action of any convening, approving, or reviewing authority with respect to his judicial acts." The appellant has the initial burden of producing sufficient evidence to raise UCI. *United States v. Stombaugh*, 40 M.J. 208, 213 (C.M.A. 1994). This threshold is low, but it must be more than "a bare allegation or mere speculation*." United States v. Johnston*, 39 M.J. 242, 244 (C.M.A. 1994) (citation omitted).

The record before us is entirely devoid of facts that, if true, constitute UCI.[2] Moreover, we find no indication whatsoever that the proceedings were unfair. *Stombaugh*, 40 M.J. at 213. The appellant's suggestion on appeal that he was forced to enter a pretrial agreement because he was unable to receive a fair trial is wholly unsupported by the record. The appellant has failed to meet his initial burden of production on UCI and therefore we decline to grant relief.

## Conclusion

---

[2] The military judge voided a motion waiver provision from the pretrial agreement in which the defense agreed not to pursue a previously filed UCI motion. The UCI motion addressed adjudicative UCI involving potential members. After the military judge struck the waiver provision, the defense declined to raise the UCI motion. Record at 82.

4

    The findings and the sentence, as approved by the CA, are affirmed.

                                    For the Court



                                    R.H. TROIDL
                                    Clerk of Court