# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 39016**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Taylor L. Johnson**
Airman First Class (E-3), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 2 June 2017

———————————

*Military Judge:* Patricia A. Gruen.

*Approved sentence:* Bad-conduct discharge, confinement for 7 months, and reduction to the grade of E-1. Sentence adjudged 20 January 2016 by GCM convened at Yokota Air Base, Japan.

*For Appellant:* Lieutenant Colonel Judith A. Walker, USAF; Major Annie W. Morgan, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Major J. Ronald Steelman III, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, HARDING, and C. BROWN, *Appellate Military Judges*.

Judge C. BROWN delivered the opinion of the court, in which Senior Judge MAYBERRY and Judge HARDING joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

C. BROWN, Judge:

At a general court-martial composed of military judge sitting alone, Appellant was convicted, consistent with his pleas and a pretrial agreement (PTA), of two charges with six total specifications of assault consummated by a battery

in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928, and one charge with a single specification of communicating a threat in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for seven months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.[2]

On appeal, Appellant asserts that his sentence is inappropriately severe because the military judge did not adequately consider the mitigation evidence presented at trial.[3] Finding no relief is warranted, we affirm the findings and sentence.

## I. BACKGROUND

While stationed at Yokota Air Base, Japan, Appellant assaulted Mrs. JL near the Yokota Enlisted Club by grabbing her by the waist and kissing her. Mrs. JL pushed Appellant away; however, Appellant proceeded to touch her again until she ran away from him. Appellant assaulted a second victim, Mrs. CT, at an off-base nightclub by hugging her and grabbing her buttocks. Two months later, while at the same off-base nightclub, Appellant again assaulted Mrs. CT, this time hugging her, touching her chest, touching her buttocks with his erect penis while both parties were fully clothed, and biting and kissing her neck. That same night, at the Yokota Enlisted Club, Appellant again assaulted Mrs. CT by touching her hip or pelvic area and grabbing her buttocks. Senior Airman (SrA) CH confronted Appellant and told him to stop touching Mrs. CT.

---

[1] Pursuant to the PTA, Appellant pleaded not guilty to five specifications of abusive sexual contact in violation of Article 120, UCMJ, 10 U.S.C. § 920, but guilty to the lesser-included offense of assault consummated by battery in violation of Article 128, UCMJ, 10 U.S.C. § 928.

[2] The PTA contained no Appendix A; thus, its terms were limited to the offer portion of the agreement wherein the Government agreed to dismiss the greater offense in each of the Article 120, UCMJ, specifications without any specific sentence limitation.

[3] In a footnote, Appellant states that while he does not challenge the providence inquiry, he notes the specification of Charge II for assault consummated by a battery in violation of Article 128, UCMJ, 10 U.S.C. § 928, fails to specifically allege all elements of the offense. Since Appellant's claim that the charge fails to state an offense was not raised at trial, it is tested for plain error on appeal. *United States v. Ballan*, 71 M.J. 28, 34 (C.A.A.F. 2012); *United States v. Girouard*, 70 M.J. 5, 11 (C.A.A.F. 2011). The specification, though perhaps inartfully worded, alleges all elements of the offense. Appellant admitted in both the providence inquiry and the stipulation of fact that his conduct served to meet all of the elements of the offense. We find no error, plain or otherwise.

Appellant pushed his chest against SrA CH's body causing SrA CH to fall forward from the force of the contact. Appellant then threatened to put SrA CH "in the hospital."

## II. DISCUSSION

Appellant asserts that his sentence is inappropriately severe as he believes the military judge did not adequately consider the mitigation evidence presented at trial. Appellant avers the military judge's one-hour deliberation was not enough time for her to properly consider the entirety of the sentencing evidence. To support his claim, Appellant cites the 26 pages of character statements and pictures he admitted at trial and the Prosecution's sentencing evidence consisting of a personal data sheet, two enlisted performance reports, a record of nonjudicial punishment, and the stipulation of fact. Appellant asks the court to approve only so much of the sentence that calls for confinement for three months and reduction to the grade of E-1. We are not persuaded.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum authorized sentence for Appellant's offenses was a dishonorable discharge, confinement for six years, forfeiture of all pay and allowances, and reduction to the grade of E-1. Appellant negotiated a pretrial agreement whereby the Government dismissed the greater offense in the five specifications involving abusive sexual contact in violation of Article 120, UCMJ, but imposed no sentence limitations. Thus, the approved sentence was clearly within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. Appellant cites the numerous character letters and his performance record to demonstrate sentence relief is warranted in his case. While Appellant has a fairly good military record, the mitigating factors he cites must be balanced against the seriousness of the offenses Appellant committed. Appellant repeatedly accosted two different victims over the course of several months despite their clear signs his advances were unwanted. He also

assaulted and threatened to hospitalize a fellow Airman who intervened and asked him to leave one of the victims alone. Additionally, the two victims provided poignant statements about the effects Appellant's crimes had on them. Despite Appellant's claims otherwise, we find no evidence in the record demonstrating the military judge failed to give appropriate consideration to the evidence presented prior to sentencing Appellant. The military judge is presumed to know the law and apply it correctly absent clear evidence to the contrary. *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008); *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007); *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). We find the approved sentence is not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED.**

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court