# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

**No. ACM 39487**

_____

**UNITED STATES**
*Appellee*

**v.**

**Drake K. SHOUP**
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 23 August 2019

_____

*Military Judge:* Mark F. Rosenow.

*Approved sentence:* Dishonorable discharge, confinement for 48 months, reduction to E-1, and a reprimand. Sentence adjudged 16 April 2018 by GCM convened at Hill Air Force Base, Utah.

*For Appellant:* Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, POSCH, and KEY, *Appellate Military Judges.*

Judge KEY delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge POSCH joined.

_____

**PUBLISHED OPINION OF THE COURT**

_____

KEY, Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification each of possessing child pornography, distributing child pornography on divers occasions, and attempted sexual abuse of a child by communicating sexually explicit language, in violation of Articles 80 and 134, Uniform Code

of Military Justice (UCMJ), 10 U.S.C. §§ 880 and 934.[1] The court-martial sentenced Appellant to a dishonorable discharge, confinement for five years, total forfeiture of pay and allowances, reduction to the grade of E-1, and a reprimand. The convening authority approved so much of the sentence that included a dishonorable discharge, confinement for 48 months, reduction to the grade of E-1, and a reprimand.

On appeal, Appellant argues the military judge abused his discretion by admitting victim impact statements without first determining that the victims wished to exercise their right to be heard at Appellant's trial. We agree, but we find Appellant was not materially prejudiced by the error and therefore affirm the findings and sentence.

## I. BACKGROUND

Appellant amassed a collection of child pornography consisting of some 1,900 images on his mobile phone, many of which depicted explicit sexual abuse of children as young as infants. In addition to downloading images from websites, Appellant would look for other child pornography collectors on online social media and messaging platforms and then arrange to trade images via those platforms. One user Appellant encountered sent Appellant seven images of children, one of which the user claimed was of her younger sister and one image the user implied was of herself. A majority of the seven images were of minors engaging in sexually explicit conduct. Appellant sent the user five images of young girls, four of which amount to child pornography. Appellant and the user then discussed the user sexually assaulting her sister, at which point the user claimed to be a 15-year-old girl. Despite this revelation, Appellant proceeded to ask if the user had any more pictures of her sister or any "baby pics." Appellant's conversation with this user served as the basis for Appellant's attempted sexual abuse of a child charge.

During presentencing proceedings, the Government offered and the military judge admitted under Rule for Courts-Martial (R.C.M.) 1001A—over defense objection—statements from three of the victims in images possessed by Appellant. The first statement, Court Exhibit 3, is an unsigned and unsworn document consisting of four questions and answers dated 8 February 2015, prior to Appellant's charged offenses. Court Exhibit 5 is an unsigned, unsworn, and undated narrative statement. Court Exhibit 8 consists of a series of three signed, sworn, and dated narrative statements from one victim along

---

[1] All references in this opinion to the Uniform Code of Military Justice) are found in the *Manual for Courts-Martial, United States* (2016 ed.).

with a declaration from the victim's attorney. The attorney's declaration is dated 11 April 2018 and specifically identifies Appellant by name in the declaration header. Although the attorney attests the statements included in Court Exhibit 8 are from her client, the attorney does not indicate whether she discussed Appellant's case with her client, nor does she request the statements be used for any particular purpose; instead she explains,

> We produce redacted Victim Impact Statements for all of [sic] clients who are victims of internet child pornography to protect their identities and their locations. This is true for prosecutions by the military, the U.S. Department of Justice and state law enforcement and law enforcement agencies. . . . Our first priority is to protect our clients including Lily.[2]

Each of the three statements in Court Exhibit 8 is dated prior to Appellant's charged offenses, and each indicates the victim was an adult when she signed them.

## II. DISCUSSION

Under R.C.M. 1001A, a crime victim has the right to be reasonably heard at sentencing hearings via statements offered by the victim or through her counsel. *United States v. Barker*, 77 M.J. 377, 383 (C.A.A.F. 2018). Here, trial counsel had no contact with the victims whose statements are included in Court Exhibits 3 and 5. Neither of these victims participated in Appellant's trial—either personally or through representatives—and there is nothing in the record indicating they were even aware of the proceedings, much less that they desired to be heard in Appellant's case.

As our superior court has held, the procedures of R.C.M. 1001A "contemplate the actual participation of the victim, and the statement being offered by the victim or through her counsel." *United States v. Hamilton*, 78 M.J. 335, 341 (C.A.A.F. 2019) (quoting *Barker*, 77 M.J. at 383). What is required is that "victims be contacted and have the choice to participate and be consulted in cases where they are victims." *Id*. This procedure was not followed in this case, therefore the military judge's admission of these exhibits under R.C.M. 1001A was an abuse of discretion. *Barker*, 77 M.J. at 383–84.

Court Exhibit 8, which includes a victim's three sworn statements and a declaration from that victim's attorney, presents a different question. Under R.C.M. 1001A, victims in non-capital cases may exercise their right to be

---

[2] "Lily" is a pseudonym.

heard through sworn or unsworn statements. R.C.M. 1001A(b)(4). Victims who provide sworn statements under this rule shall be subject to cross-examination or examination on the statement by the court. R.C.M. 1001A(d). Unsworn statements, however, may be oral, written, or both. R.C.M. 1001A(e).

Even assuming *arguendo* that R.C.M. 1001A(d) authorizes sworn statements to be given in writing as opposed to by in-court testimony, Court Exhibit 8 was inadmissible under R.C.M. 1001A as a sworn statement because the victim was not subject to examination by the court-martial or cross-examination by the trial counsel or defense counsel, as required by R.C.M. 1001A(d). The admission of a sworn statement by a declarant unavailable for examination, in the absence of circumstances not presented here, violated the plain language of R.C.M. 1001A(d) and was an abuse of discretion.

The military judge did not indicate he was treating the statements in Court Exhibit 8 as unsworn statements. Even if he had done so, we would still find the statements inadmissible insofar as the record is devoid of any evidence the victim wished to be heard at Appellant's court-martial.

As with the victims associated with Court Exhibits 3 and 5, trial counsel did not confer with the victim associated with Court Exhibit 8. Trial counsel did, however, obtain a declaration from this victim's attorney, but this declaration does not indicate the victim was aware of or wished to participate in Appellant's case. According to the victim's attorney's declaration, the attorney produces redacted declarations for prosecutions and law enforcement use. The attorney does not say this particular victim desired to have her statement considered in Appellant's court-martial, nor does she say she was making such a request on the victim's behalf. What the affidavit says is that the attorney's client did, in fact, draft the statements and that the attorney produces redacted statements for prosecutions and law enforcement use. This is insufficient to establish actual victim participation under Article 6b, UCMJ, 10 U.S.C. § 806b, and R.C.M. 1001A. General requests for statements to be used in all future cases in which images of a victim are charged fall outside Article 6b, UCMJ, and R.C.M. 1001A, both of which envision a victim offering an impact statement "for a particular accused at a specific court-martial." *Hamilton*, 78 M.J. at 342 (citing *Barker*, 77 M.J. at 383).

The rights afforded by Article 6b, UCMJ, and R.C.M. 1001A belong to victims, not the Government, and trial counsel may not appropriate the rights of a victim in order to admit Government evidence in its aggravation case. *Hamilton*, 77 M.J. at 342. As such, the military judge abused his discretion in admitting Court Exhibit 8 due to the absence of victim participation in Appellant's case, regardless of whether the military judge treated the exhibit's contents as sworn or unsworn statements.

The erroneous admission of victim impact statements under R.C.M. 1001A requires us to determine "whether the error substantially influenced the adjudged sentence." *Barker*, 77 M.J. at 384 (citation omitted). We assess this influence by considering four factors: "(1) the strength of the Government's case; (2) the strength of the defense case; (3) the materiality of the evidence in question; and (4) the quality of the evidence in question." *United States v. Bowen*, 76 M.J. 83, 89 (C.A.A.F. 2017) (quoting *United States v. Kerr*, 51 M.J. 401, 405 (C.A.A.F. 1999)).

Appellant, by his own admission, possessed over 1,900 images of child pornography, to include pictures of graphic sexual abuse of very young children. He sought out other collectors and used copies of the images in his possession as currency to grow his sizable inventory, thereby multiplying the number of images in circulation and expanding the scope of their distribution. When one user Appellant corresponded with said he would like to sexually abuse his eight-year-old cousin and described his cousin's genitals, Appellant asked for pictures—which is to say Appellant encouraged the production of yet more child pornography. Considering Appellant both stipulated to his conduct and then explained his culpability under oath, the Government's case was strong. Appellant's case in extenuation and mitigation was weaker in comparison, consisting of only an unsworn written statement in which he disclosed he was sexually assaulted when he was 16 years old. We are cognizant of the significance of Appellant's own victimization, but we do not find his unsworn statement rises to the strength of the Government's case.

The exhibits erroneously admitted by the military judge discuss the constant re-victimization the victims suffer by the proliferation and never-ending circulation of photographic documentation of their abuse. This impact is settled law, a fact especially significant in a case tried by a military judge, who is presumed to know the law. *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008) (citations omitted); *see also United States v. Erickson*, 65 M.J. 221, 224–25 (C.A.A.F. 2007). The exhibits all pre-dated Appellant's charged conduct, further diminishing their applicability to the case at hand. Thus, the materiality of the statements was slight with respect to Appellant's particular case. Considering the aggravated nature of the other properly admitted prosecution evidence and the settled law as to the lasting impacts of child pornography on its victims—in addition to Appellant's pretrial agreement which reduced his adjudged sentence by 12 months, mitigating any additional sentence meted out by the military judge for the statements—we are convinced the improperly admitted victim impact statements did not substantially influence his sentence. In this military judge-alone case, the error did not result in material prejudice to Appellant.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court