UNITED STATES, Appellee

v.

Andre M. SANDERS, Staff Sergeant
U.S. Air Force, Appellant

No. 09-0013

Crim. App. No. 36443

United States Court of Appeals for the Armed Forces

Argued April 15, 2009

Decided May 12, 2009

PER CURIAM

Counsel

For Appellant:  Captain Tiaundra Sorrell (argued); Colonel Nikki A. Hall, Major Shannon A. Bennett, and Captain Michael A. Burnat (on brief).


For Appellee:  Major Jeremy S. Weber (argued); Colonel Gerald R. Bruce (on brief); Major Donna S. Rueppell.


Military Judge:  Barbara E. Shestko


THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Sanders, No. 09-0013/AF

PER CURIAM:

We granted review to consider whether the military judge erred by admitting a handwritten letter found in Appellant's cell during the sentencing phase of the court-martial. We hold that any error did not materially prejudice the substantial rights of Appellant, and affirm the decision of the United States Air Force Court of Criminal Appeals (CCA).

## I.  Background

A military judge sitting as a general court-martial convicted Appellant, contrary to his pleas, of forcible sodomy, assault, and indecent assault. Articles 125, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 925, 928, 934 (2000). The military judge sentenced Appellant to a dishonorable discharge, confinement for fourteen years, and reduction to the lowest enlisted grade. The CCA affirmed the findings and sentence. United States v. Sanders, No. ACM 36443, 2008 CCA LEXIS 264, at *12, 2008 WL 2852962, at *5 (A.F. Ct. Crim. App. July 15, 2008).

## II.  Facts

Over a one-month period during the summer of 2004, Appellant anally sodomized a woman by force while using a plastic grocery bag as a makeshift condom; struck another woman on the head with his fists; and forcibly penetrated a third woman's vagina with his fingers. During the sentencing phase of

2

the court-martial, the Government moved to admit a handwritten

letter found in Appellant's pretrial confinement cell.  The

letter states the following:

> To Shauna, my wife, I bequeth [sic] every posession [sic]
> and monetary entitlement the world, U.S. Government,
> Insurance agency, etc. owes, gives, entitles me to.
>
> To Aaron and Kyle, my sons, I give all entitlements to you
> through your loving, loyal, dedicated, God-fearing mother.
>
> I thank my parents for being my personal heroes and putting
> God into my life from Day One.  I bequeth [sic] $14,000
> each of my entitlements to my parents Albert and Carol
> Sanders.
>
> The judge made her decesion [sic] prior to the trial.  She
> constantly remained in eye contact with the female
> prosecutor.  This was small-town justice.  She didn't
> listen to our truths; only their lies.
>
> I didn't know these people.  They lied and they're [sic]
> lies were ignored by the judge.
>
> More importantly, I love you Shauna.  I'm sorry you have to
> go through this.  Justice was not done.
>
> God is calling me to him.  You 3 have given me so much joy.
> I can't tell you how much I love you.  You went from Bunny
> Boo to the most dedicated and loving woman I've ever known.
>
> I loyally and proudli [sic] served the Air Force.  The
> people who caused this, I've prayed for them and I forgive
> them for lying.
>
> Shauna, give God the glory always.  He is real.
>
> Use your resources wisely.  Move on with your life, keeping
> the boys 1st.  Be a smart user of your resources; make your
> resources work for you and multiply.
>
> I've always dreamed that you and the boys would be blessed.
> Now, you will be.

> I'm sorry Shauna. You're the greatest and kindest person I
> know. You are the proof that God is good.

The letter also contains in its margins Appellant's name, Appellant's wife's name, and the statements "Last Will and Testament," "Correction AMS," and "I didn't do anything I was charged with."

Appellant's counsel objected to the admission of the letter on the grounds that it was not proper evidence in aggravation or to show rehabilitative potential; there was no factual basis to support its admission; it was protected by the spousal privilege; and it was otherwise privileged. After hearing argument from both sides, the military judge ruled that the letter was admissible as evidence of Appellant's rehabilitative potential. On appeal, the CCA held that the letter was admissible as aggravation evidence and that it therefore did not need to decide its admissibility as rehabilitation evidence. Sanders, 2008 CCA LEXIS 264, at *11, 2008 WL 2852962, at *4.

### III. Discussion

Under Article 59(a), UCMJ, an error of law with respect to a sentence can provide a basis for relief only where that error materially prejudices the substantial rights of the accused. Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2002); United States v. Bridges, 66 M.J. 246, 248 (C.A.A.F. 2008) (citing Article 59(a), UCMJ; United States v. Griggs, 61 M.J. 402, 410 (C.A.A.F.

2005)).  Appellant argues that the letter was neither proper rehabilitation nor aggravation evidence, that it was highly prejudicial because of its attack on the military judge, and that in any event the military judge did not conduct the required balancing test on the record.  Rule for Courts-Martial 1001; Military Rule of Evidence 403.  If there was error in the admission of the letter, we conclude that the alleged error was not prejudicial under Article 59(a), UCMJ.

The test for prejudice in a situation like this one is whether the error substantially influenced the adjudged sentence.  Griggs, 61 M.J. at 410 (citing United States v. Boyd, 55 M.J. 217, 221 (C.A.A.F. 2001)).  The letter contains a farrago of bequests, assertions, excuses, and advice, some of which are favorable to Appellant, although it also attacked the military justice system and accused the military judge of favoring the prosecution.  With respect to the latter, the military judge stated that she would not consider the personal attack on her contained therein.  As the sentencing authority, a military judge is presumed to know the law and apply it correctly, absent clear evidence to the contrary.  Bridges, 66 M.J. at 248 (citing United States v. Erickson, 65 M.J. 221, 225 (C.A.A.F. 2007); United States v. Mason, 45 M.J. 483, 484 (C.A.A.F. 1997)).  This Court presumes that a military judge

follows her own rulings.  United States v. Hill, 62 M.J. 271, 276 (C.A.A.F. 2006) (citing United States v. Davis, 44 M.J. 13, 17 (C.A.A.F. 1996)).

Apart from the personal attack, there is no indication that the military judge gave significant weight to the rest of the letter in arriving at the adjudged sentence.  Appellant was convicted of forcible sodomy, assault, and indecent assault. For forcible sodomy, the maximum sentence includes confinement for life without eligibility for parole.  Manual for Courts-Martial, United States pt. IV, para. 51.e(1) (2008 ed.). Appellant received confinement for fourteen years.  The victim of the forcible sodomy charge was cruelly attacked by Appellant, and the victims of the assault and indecent assault charges narrowly escaped more serious injury.  In light of the severity of Appellant's crimes, we are convinced that the admission of the letter, if error, did not substantially influence the adjudged sentence.

## IV.  Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.