# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

––––––––––––––––––

**No. ACM 39353**

––––––––––––––––––

**UNITED STATES**
*Appellee*

**v.**

**Melbourne M. ANDERSON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 28 September 2018

––––––––––––––––––

*Military Judge:* Jefferson B. Brown.

*Approved sentence:* Bad-conduct discharge, confinement for 15 months, and reduction to E-1. Sentence adjudged 29 August 2017 by GCM convened at Grand Forks Air Force Base, North Dakota.

*For Appellant:* Captain Mark J. Schwartz, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Peter F. Kellett, USAF; Mary Ellen Payne, Esquire.

Before JOHNSON, DENNIS, and LEWIS, *Appellate Military Judges.*

Senior Judge JOHNSON delivered the opinion of the court, in which Judge DENNIS and Judge LEWIS joined.

––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

––––––––––––––––––

JOHNSON, Senior Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his pleas pursuant to a pretrial agreement, of one specification of possession of child pornography in violation of Article 134, Uniform Code of

Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for 15 months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.[1]

Appellant raises a single issue on appeal: whether the military judge erred by allowing an improper victim impact statement pursuant to Rule for Courts-Martial (R.C.M.) 1001A. In light of the decision of the United States Court of Appeals for the Armed Forces (CAAF) in *United States v. Barker*, 77 M.J. 377 (C.A.A.F. 2018), we find the military judge erred; however, under the circumstances of this case we find the error did not substantially influence the sentence, and therefore Appellant was not prejudiced by it. Accordingly, we affirm the findings and sentence.

## I. BACKGROUND

In October 2015, Appellant was stationed at Grand Forks Air Force Base (AFB), North Dakota. Between 13 October 2015 and 30 October 2015, Appellant used peer to peer file sharing software to attempt to obtain child pornography via the Internet. Appellant's activity was detected by agents of the North Dakota Bureau of Criminal Investigations (BCI), who traced Appellant's Internet protocol address to his residence in Grand Forks, North Dakota. In coordination with the Air Force Office of Special Investigations, on 4 November 2015, BCI agents and local police executed a search warrant on Appellant's residence. They seized a number of electronic devices, three of which contained videos of child pornography. Appellant was arrested by civilian authorities and confined for 35 days until the Air Force received jurisdiction over the case.

Appellant elected to be tried by a military judge alone and pleaded guilty to one specification of wrongful possession of child pornography of a nature to discredit the armed forces in violation of Article 134, UCMJ. The parties agreed to a stipulation of fact that recited, *inter alia*, that Appellant possessed 16 video files of child pornography, which were attached to the stipulation and entered into evidence.

During presentencing proceedings, the Government called Special Agent (SA) CC, a civilian police detective from North Carolina assigned to a federal task force dedicated to investigating crimes against children. In that capacity, SA CC was a designated point of contact regarding several "series" of child

---

[1] The pretrial agreement provided the convening authority would not approve confinement in excess of 22 months and thus did not affect the adjudged sentence. Pursuant to the pretrial agreement, one specification of receiving child pornography in violation of Article 134, UCMJ, was withdrawn and dismissed after the military judge announced the sentence.

pornography with identified victims, available to provide additional information about those series in response to inquiries from law enforcement agencies. One of the series for which SA CC served as a point of contact is known as "Jan-Feb." One of the 16 files possessed by Appellant and entered in evidence at Appellant's trial was from the "Jan-Feb" series.

Over trial defense counsel's objection, SA CC testified that the abuse depicted in the "Jan-Feb" series occurred in 2002, and the victim was identified and rescued that same year. SA CC first met the victim in 2006 when she was approximately nine or ten years old. In 2008, the victim's mother prepared a statement on behalf of the victim addressed "To Whom It May Concern" and intended for use in judicial proceedings. The statement described the impact the creation and existence of the "Jan-Feb" series had on the victim up to that point in time. SA CC testified that he had contacted the victim in April 2016 and most recently around Christmas of 2016. He testified the victim turned 21 years old in 2017 and was a college student. SA CC stated the victim told him she intended to create a new impact statement in the future, but until then she wanted her mother's 2008 statement to be used. However, SA CC had not spoken with the victim since he had been first contacted regarding Appellant's case, and he had no reason to believe the victim had any specific knowledge of Appellant's trial.

Trial counsel requested the military judge "consider" a redacted version of the victim's mother's 2008 statement, which had been marked as "Court Exhibit 1," as "the victim's unsworn victim impact statement in this trial." Trial defense counsel objected on the basis that R.C.M. 1001A(e) permits a designee to present an unsworn statement on behalf of a victim only when the victim is "under 18 years of age, incompetent, incapacitated, or deceased," none of which applied to the victim of the "Jan-Feb" series at the time of Appellant's trial. Trial defense counsel also objected on the basis that the probative value of the statement was substantially outweighed by the danger of unfair prejudice to Appellant under Military Rule of Evidence (Mil. R. Evid.) 403. The military judge overruled both objections. With regard to R.C.M. 1001A(e), the military judge found the victim specifically adopted the 2008 statement as her own statement, and therefore was not speaking through a designee. With regard to Mil. R. Evid. 403, the military judge acknowledged the Defense's "very valid concern" particularly regarding the age of the statement. He continued:

> However, recognizing that this is a judge alone case and recognizing that I can give it the appropriate weight that it deserves that I will be able to keep those concerns as raised by the defense counsel in mind as I evaluate the weight, if any, I give this. I'll overrule [the] objection and will consider Court Exhibit 1.

After reviewing Court Exhibit 1, the military judge identified four paragraphs therein that he would not consider because they "didn't appear to directly relate to or result from [Appellant's] crimes." Those portions of Court Exhibit 1 the military judge did consider generally described difficulties the victim had to overcome in school, in accepting gestures of affection from her mother, regarding her appearance and physical safety, and regarding her knowledge of the continued existence of these images, as well as the mother's feelings of sadness and anger.

## II. DISCUSSION

### A. Law

"Interpreting R.C.M. 1001A is a question of law, which we review de novo." *Barker*, 77 M.J. at 382 (citation omitted). However, we review a military judge's decision to accept a victim impact statement offered pursuant to R.C.M. 1001A for an abuse of discretion. *Id.* at 383 (citing *United States v. Humpherys*, 57 M.J. 83, 90 (C.A.A.F. 2002)).[2] A military judge abuses his discretion when his decision to permit such a statement is based on an erroneous view of the law. *Id.* (citing *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013)).

R.C.M. 1001A(e) provides that during presentencing proceedings, the victim of an offense of which the accused has been found guilty

> may make an unsworn statement and may not be cross-examined by the trial counsel or defense counsel upon it or examined upon it by the court-martial. The prosecution or defense may, however, rebut any statements of facts therein. The unsworn statement may be oral, written, or both. When a victim is under 18 years of age, incompetent, incapacitated, or deceased, the unsworn statement may be made by the victim's designee appointed under R.C.M. 801(a)(6). Additionally, a victim under 18 years of age may elect to make an unsworn statement.

---

[2] Appellate courts review a military judge's decision to admit evidence for an abuse of discretion. *See, e.g.*, *Humpherys*, 57 M.J. at 90. In *United States v. Hamilton*, this court held that victim impact statements offered pursuant to R.C.M. 1001A are not "evidence," but nevertheless applied the abuse of discretion standard in reviewing the military judge's decision to allow such statements to come before the court. 77 M.J. 579, 585 (A.F. Ct. Crim. App. 2017) (en banc), *rev. granted*, 77 M.J. 368 (C.A.A.F. 2018). When the CAAF applied the abuse of discretion standard in *Barker*, it assumed without deciding that such statements are evidence, but noted it would decide that question in its review of *Hamilton*. *Barker*, 77 M.J. at 383 n.9.

*See also* 10 U.S.C. § 806b(a)(4)(B) (stating the victim of an offense under the UCMJ has a right to be reasonably heard at a court-martial sentencing hearing). "[T]he rights vindicated by R.C.M. 1001A are personal to the victim in each individual case." *Barker*, 77 M.J. at 382. "All of the procedures in R.C.M. 1001A contemplate the actual participation of the victim, and the statement being offered by the victim or through her counsel. Moreover, they assume the victim chooses to offer the statement for a particular accused . . . ." *Id.* at 383.

When there is error regarding the presentation of victim statements under R.C.M. 1001A, the test for prejudice "is whether the error substantially influenced the adjudged sentence." *Id.* at 384 (quoting *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009)).

**B. Analysis**

Appellant contends the military judge erred with regard to the proffered impact statement in multiple respects. We disagree with several of Appellant's arguments. As we recognized in *Hamilton*, and contrary to Appellant's position, the possession of child pornography is a continuing crime, and the victim of the "Jan-Feb" series qualified as a victim of the offense of which Appellant was convicted for purposes of R.C.M. 1001A. We also agree with the military judge that where a victim is aware of a statement authored by another person and specifically adopts that statement as her own, she is not speaking through a "designee" for purposes of R.C.M. 1001A. We disagree with Appellant's assertion that the military judge should have excluded the statement pursuant to Mil. R. Evid. 403 as evidence which was substantially more unfairly prejudicial than probative; as this court held in *Hamilton*, a victim impact statement offered under R.C.M. 1001A is not "evidence" which is tested for "relevance," and therefore Appellant's reliance on Mil. R. Evid. 403 is inapposite. We further note the 2008 statement was properly marked and accepted as a "court exhibit" rather than a "prosecution exhibit." *See Hamilton*, 77 M.J. at 586.

However, in light of *Barker*, the military judge did abuse his discretion by considering Court Exhibit 1 as an unsworn victim impact statement under R.C.M. 1001A because it was not offered by the victim or her advocate in Appellant's court-martial. 77 M.J. at 383–84. As in *Barker*, there is no evidence the victim in this case was even aware of Appellant or his court-martial, much less that she chose "to offer the statement for [this] particular accused." *Id.* at 383. The victim's right to be heard in presentencing under R.C.M. 1001A is "personal to the victim" and cannot be asserted on her behalf by the Prosecution. *Id.* at 382.

Having found error, we test for prejudice by assessing "whether the error substantially influenced the adjudged sentence." *Id.* at 384 (quoting *Sanders*, 67 M.J. at 346). In doing so, we consider the following factors: "(1) the strength

of the Government's case; (2) the strength of the defense case; (3) the materiality of the evidence in question; and (4) the quality of the evidence in question." *Id.* (quoting *United States v. Bowen*, 76 M.J. 83, 89 (C.A.A.F. 2017)). Under the facts and circumstances of this case, we find Court Exhibit 1 did not substantially influence the military judge.

With respect to the materiality and quality of the statement, as the CAAF found in *Barker*, we find it "highly relevant" that Appellant was sentenced by a military judge who is presumed to know the law. *Id.* (citing *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008); *United States v. Erickson*, 65 M.J. 221, 224 (C.A.A.F. 2007)); *see also United States v. Machen*, No. ACM 39295, 2018 CCA LEXIS 419, at *12–13 (A.F. Ct. Crim. App. 29 Aug. 2018) (unpub. op.) (citations omitted). The continuing harm that the possession of child pornography causes to victims "is itself settled law." *Barker*, 77 M.J. at 384 (citing *Osborne v. Ohio*, 495 U.S. 103, 111 (1990)). In Appellant's case, as in *Barker*, "many of the themes and harms contained in the improperly admitted letter[ ] are well known to the law, and thus are presumed to have been known by the military judge." *Id.*

Additional circumstances in Appellant's case reinforce our confidence that Court Exhibit 1 did not substantially influence the adjudged sentence. The military judge specifically noted the Defense's concern regarding the age of the letter was "very valid" and would go to the weight, "if any," he gave it. Having reviewed the letter, the military judge also announced he would not consider certain portions of it that did not appear to directly relate to or result from Appellant's offense. In doing so, he also stated this clarification did not mean he would necessarily give any weight to those portions of the letter he did consider. In addition, the assistant trial counsel did not specifically refer to the victim statement during argument; trial defense counsel did refer to it to emphasize how old it was.

Furthermore, the Government's sentencing case was strong. As in *Barker*, "the age of the victimized children and the manner in which they were sexually assaulted[ ] was particularly horrific." *Id.* The videos Appellant possessed included graphic depictions of prepubescent girls being sexually assaulted by adult males. The Defense's sentencing case was also substantial; although the Defense offered no character statements on Appellant's behalf, Appellant and his mother described the poverty and sexual and physical abuse Appellant endured as a child. However, Appellant faced a maximum sentence that included ten years of confinement and a dishonorable discharge. The 15 months of confinement the military judge imposed was well under the pretrial agreement cap of 22 months and just half of the 30 months recommended by the Prosecu-

tion. Considering the entirety of the circumstances, we find no basis to conclude the 2008 impact statement substantially influenced the sentence in this case. Accordingly, we conclude the error did not prejudice Appellant.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court