# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BROOKHART, SALUSSOLIA, and SCHASBERGER
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant MARCUS F. JONES**
**United States Army, Appellant**

ARMY 20180189

Seventh Army Training Command
Joseph A. Keeler, Military Judge
Lieutenant Colonel Joseph B. Mackey, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Julie L. Borchers, JA; Captain Oluwaseye Awoniyi, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Craig Schapira, JA; Major Meghan Peters, JA (on brief).

6 November 2019

--------------------------------
SUMMARY DISPOSITION
--------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Sergeant Marcus F. Jones asks that we set aside his sentence and order a rehearing because the military judge improperly allowed the government to introduce a statement by the victim during the government's presentencing case. We agree that it was error to allow the government to introduce the victim's statement. However, as we find that appellant suffered no prejudice, we decline to order a sentence rehearing and affirm the sentence approved by the convening authority.[1]

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of attempted sexual assault of a child, one specification of attempted sexual abuse of a child, and one specification of sexual abuse of a child, in violation of Articles 80 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 920b [UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for four years and six months, and reduction to the grade of E-1. The convening authority, in accordance with a pretrial agreement, approved the dishonorable discharge, confinement for thirty-six months, and reduction to E-1.[2] Appellant's case is now before us for review pursuant to Article 66, UCMJ.

## BACKGROUND

Appellant, a thirty-one-year-old married non-commissioned officer stationed in Germany, wanted to engage in sexual relations with a "girl to call [him] daddy." To find such a girl, he placed an advertisement in the "casual encounters" page on the local Craigslist.

The advertisement worked; a fifteen-year-old Romanian girl living in Germany responded. Appellant exchanged emails with AB and ultimately met her in person three or four times. During these meetings, appellant kissed AB and told her that he wanted to have sex. She declined. As she would not have sex with him, appellant ended their relationship.

Appellant again turned to Craigslist seeking a sexual encounter. This time, he responded to a Craigslist advertisement from an individual he thought was a fourteen-year-old girl named "Kelly." After sending "Kelly" sexually explicit emails describing his penis size and the sexual acts he wanted to perform with her, appellant arranged to meet "Kelly." Appellant brought condoms, lubricant, penis rings, and candy to "Kelly's" house and knocked on the door. He was greeted by military law enforcement agents, who promptly arrested appellant.

Appellant entered into a pretrial agreement with the government. Therein, he agreed to plead guilty to sexually abusing AB, as well as the attempts at sexual misconduct with regard to "Kelly." Initially, AB agreed to testify as part of the presentencing proceedings. After preparing to testify, AB got cold feet. On the day

---

[2] The military judge granted appellant eighteen days of confinement credit that the convening authority's action failed to reflect. So far as appellant has not already received such credit, he shall be credited eighteen days against his sentence. *See* Army Reg. 27-10, Legal Services: Military Justice, para. 5-32.a (11 May 2016); *United States v. Arab*, 55 M.J. 508, 510 n.2 (Army Ct. Crim. App. 2001).

of trial, AB told the government she did not want to testify, and instead she sent an email to the trial counsel entitled "Notes regarding Mr. Jones."

The email was in question and answer format. AB answered questions such as, "How did it make you feel as a person?" and "Did it affect your view of the [A]rmy?" In her responses, AB stated appellant made her feel "guilty" and like a "bad person," and that she felt like she disappointed him for not wanting a sexual relationship. She also stated she is no longer as naïve as she was, or as trusting. She specifically stated that she does not blame the Army or think worse about the Army because of appellant's actions.

The government moved to enter AB's email as Prosecution Exhibit 3. The defense objected on the grounds that it was neither proper Rule for Courts-Martial [R.C.M.] 1001(b)(4) evidence, nor was it proper under R.C.M. 1001A. Specifically, the defense argued AB's email lacked foundation, contained hearsay without an exception, was in question and answer format, and was improperly offered as part of the government's presentencing case. After argument on the issue, the military judge admitted a redacted version of the email offered by the government under R.C.M. 1001A.

## LAW AND DISCUSSION

A military judge's decision to admit evidence is reviewed for an abuse of discretion. *United States v. Hollis*, 57 M.J. 74, 79 (C.A.A.F. 2002) (citation omitted). A military judge abuses his discretion when he admits evidence based on an erroneous view of the law. *United States v. Lubich*, 72 M.J. 170, 173 (C.A.A.F. 2013). We apply the law at the time of appeal rather than the law at the time of trial. *United States v. Harcrow*, 66 M.J. 154, 159 (C.A.A.F. 2008).

At the time of appellant's trial, there was little precedent on how to implement R.C.M. 1001A. Since that time, the Court of Appeals for the Armed Forces [CAAF] decided *United States v. Barker*, 77 M.J. 377 (C.A.A.F. 2018) and *United States v. Hamilton*, 78 M.J. 335 (C.A.A.F. 2019), and this court decided *United States v. Cornelison*, 78 M.J. 739 (Army Ct. Crim. App. 2019). While the facts of these cases are not directly on point, taken together, they make it clear that the government cannot offer a victim's unsworn statement as part of its presentencing case. As the CAAF stated in *Barker*, "R.C.M. 1001A is itself part of the presentencing procedure, and is temporally located between the trial and defense counsel's respective presentencing cases. It belongs to the victim, and is separate and distinct from the *government's* right . . . under R.C.M. 1001(b)(4)." 77 M.J. at 378 (emphasis in original).

Based on *Barker*, *Hamilton*, and *Cornelison*, we find the military judge abused his discretion by allowing the government to introduce AB's email as an unsworn

statement during its presentencing case. We then turn to whether this error prejudiced appellant. The test for prejudice "is whether the error substantially influenced the adjudged sentence." *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009) (citation omitted). In evaluating prejudice, we weigh "(1) the strength of the government's case, (2) the strength of the defense case, (3) the materiality of the evidence in question, and (4) the quality of the evidence in question." *United States v. Bowen*, 76 M.J. 83, 89 (C.A.A.F. 2017) (citation omitted).

Here, the government's sentencing case was strong. The stipulation of fact explicitly detailed appellant's crimes. It highlighted appellant's efforts to pressure and take advantage of AB, and when that did not suffice, his attempt at having sexual relations with a girl he presumed was fourteen. The defense case consisted of appellant apologizing in an unsworn statement, along with a "Good Soldier Book" with statements of support discussing how appellant changed after his misconduct was discovered. As to the last two factors, AB's email did introduce some new information, specifically that she felt guilty and was less trusting. Given the nature of the crimes, her reaction is neither surprising nor particularly prejudicial.[3] Additionally, the email indicated that AB neither blamed nor thought worse of the Army after appellant's misconduct, which ultimately worked to appellant's benefit and further undermined the materiality of the AB's email on appellant's sentence.

Rather than AB's email, we find the facts surrounding appellant's crimes—his status as a thirty-one-year-old married non-commissioned officer, his actions with AB, his tenaciousness in seeking out under-age girls, his text messages, and his preparations for sexual relations—were what influenced the sentence.

---

[3] When we compare AB's email to the text messages sent by appellant to "Kelly" describing the sexual acts he planned to perform on a fourteen-year-old girl, it is clear that AB's email was far less aggravating and material to appellant's sentence than the text of the messages themselves.

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court