# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

––––––––––––––––––

### No. ACM 39910

––––––––––––––––––

### UNITED STATES
*Appellee*

**v.**

### John P. PLASTER II
Senior Airman (E-4), U.S. Air Force, *Appellant*

––––––––––––––––––

Appeal from the United States Air Force Trial Judiciary

Decided 29 October 2021

––––––––––––––––––

*Military Judge:* Jennifer E. Powell.

*Sentence:* Sentence adjudged 7 January 2020 by GCM convened at Eielson Air Force Base, Alaska. Sentence entered by military judge on 9 March 2020: Dishonorable discharge, confinement for 54 months, forfeiture of all pay and allowances, reduction to E-1, and a reprimand.

*For Appellant:* Major Benjamin H. DeYoung, USAF; A. Elizabeth Tarvin (legal intern).[1]

*For Appellee:* Lieutenant Colonel Charles B. Dunn, USAF; Lieutenant Colonel Matthew J. Neil, USAF; Major Alex B. Coberly, USAF; Captain Cortland T. Bobczynski, USAF; Mary Ellen Payne, Esquire.

Before LEWIS, ANNEXSTAD, and OWEN, *Appellate Military Judges.*

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge LEWIS and Judge OWEN joined.

––––––––––––––––––

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

––––––––––––––––––

––––––––––––––––––

[1] Ms. Tarvin was supervised by an attorney admitted to practice before this court.

ANNEXSTAD, Judge:

A general court-martial composed of a military judge convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of one charge and specification of viewing child pornography, and an additional charge and specification of indecent conduct, both in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934, *Manual for Courts-Martial, United States* (2016 ed.).[2] The court-martial sentenced Appellant to a dishonorable discharge, confinement for 54 months, forfeiture of all pay and allowances, reduction to the grade of E-1, and a reprimand. The PTA had no effect on the adjudged sentence and the convening authority took "no action" on the findings and sentence.[3] This case was docketed with this court on 13 May 2020.

Appellant raises five issues before this court: (1) whether the Government's failure to serve Appellant with a copy of his record of trial violates Article 54, UCMJ, 10 U.S.C. § 854, Rule for Courts-Martial 1112(e), and due process; (2) whether Appellant is entitled to appropriate relief for the convening authority's failure to take action on the sentence as required by law; (3) whether a prosecuting legal office paralegal had a personal conflict of interest, disqualifying the prosecution team; (4) whether Appellant's sentence is inappropriately severe; and (5) whether trial counsel's improper sentencing argument raised doubt about whether Appellant was sentenced based on the evidence alone.[4]

With respect to Appellant's first issue, this court granted Appellant relief on 25 June 2021, and ordered the Government to serve a copy of the record of trial on Appellant and also granted Appellant an additional 60 days from the date of service to file any supplemental issues with this court. Government counsel provided notice to this court that a copy of the record of trial was served on Appellant on 26 July 2021. Appellant did not file additional issues with this court. We find this issue is now moot.

With respect to issue (2), and consistent with our superior court's decision in *United States v. Brubaker-Escobar,* ___ M.J. ___, 20-0345/AR, 2021 CAAF LEXIS 818, at *1–2 (C.A.A.F. 7 Sep. 2021) (per curiam), we find the convening

---

[2] All references to the Rules for Courts-Martial (R.C.M.) and the non-punitive articles of the UCMJ are to the *Manual for Courts-Martial*, *United States* (2019 ed.).

[3] The PTA specified that the convening authority would approve no confinement in excess of 60 months.

[4] Issues (2), (3), (4), and (5) were raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

authority made a procedural error when he failed to take action on the sentence as Appellant was found guilty of at least one offense that occurred prior to 1 January 2019 and the charges were referred after 1 January 2019. However, after testing the error for "material prejudice to a substantial right" of Appellant, we determine that Appellant is not entitled to relief. *See United States v. Alexander*, 61 M.J. 266, 269 (C.A.A.F. 2005).[5]

With respect to issue (3), we have carefully considered Appellant's contention and find it does not require further discussion or warrant relief. *See United States v. Matias*, 25 M.J. 356, 361 (C.M.A. 1987). With respect to Appellant's remaining issues (4) and (5), we find no error materially prejudicial to a substantial right of Appellant, and affirm the findings and sentence.

## I. BACKGROUND

Appellant joined the Air Force in September 2016, and worked as a maintainer at Eielson Air Force Base, Alaska. According to Appellant's stipulation of fact admitted at trial, Appellant and one of the victims of his offenses, AM, attended the same high school and were in an intimate relationship until approximately September 2016. During their relationship and with AM's consent, Appellant made videos of himself and AM having sexual intercourse. AM was 17 years old at the time of the videos; Appellant was 14 months older than AM. In 2018, nearly two years after his relationship with AM ended, Appellant posted two of the videos on a pornographic website without AM's consent. These videos were given graphic and explicit titles and contained AM's full name. Around the same time, Appellant created a post and chat entitled "My gf [AM]" to an Internet discussion board. Appellant also posted clothed pictures of AM, and explicit discussions of what Appellant stated were AM's sexual preferences and characteristics. Appellant removed the videos from the pornographic website after AM's then-boyfriend contacted Appellant. Within a few weeks, Appellant's conduct came to the attention of Air Force officials at a base near where AM lived and was promptly reported to the Air Force Office of Special Investigations (AFOSI).

In October 2018, agents from the AFOSI interviewed Appellant regarding the online postings concerning AM. Appellant admitted to the agents that he posted the videos and chat online. Subsequently, the agents obtained search authorization to search Appellant's digital devices. The forensic examination

---

[5] We find the convening authority's error harmless for the following reasons: (1) Appellant waived his right to seek clemency from the convening authority on 7 January 2020; and (2) the convening authority lacked the ability to grant clemency with respect to both the punitive discharge and the term of confinement.

of these digital devices revealed not only corroborating evidence relating to Appellant's admissions concerning AM, but also over 1,100 images of suspected child pornography. Forensic analysis of these images via the National Center for Missing and Exploited Children revealed 83 matches of known images of child pornography, 44 of which were unique images. The analysis also revealed that Appellant's search history contained terms associated with child pornography. Appellant admitted to investigators that he intentionally searched for and viewed images of child pornography on one of the devices, a cellphone.

## II. DISCUSSION

### A. Sentence Appropriateness

Appellant contends that his sentence is inappropriately severe because of the limited timeline of his offenses and the fact that he took responsibility for his actions by removing the videos before AFOSI became involved. We disagree.

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(d), UCMJ, 10 U.S.C. § 866(d). We review sentence appropriateness de novo, employing "a sweeping Congressional mandate to ensure 'a fair and just punishment for every accused.'" *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (citations omitted). We are tasked with ensuring Appellant receives the right amount of punishment for his offenses. *See United States v. Barker*, 28 M.J. 121, 122 (C.M.A. 1989). In determining whether a sentence is appropriate, we consider the "particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). We have a great deal of discretion in determining whether a particular sentence is appropriate, but we are not authorized to engage in exercises of clemency. *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

After conducting a review of the entire record, we find that the sentence is appropriate. In reaching this conclusion, we considered Appellant's unsworn statement and his enlisted performance report. We also considered the facts of the offenses to which Appellant pleaded guilty and all other properly admitted matters. Appellant was 21 years old when he posted explicit videos of AM on the Internet. These videos contained AM's likeness and full name, and made her personally identifiable in a humiliating way to the entire world. Additionally, Appellant viewed 83 images of known child pornography on his cellphone. Appellant stipulated that the child pornography images he viewed primarily depicted girls between the ages of three and ten years old. At trial, Appellant

faced a maximum sentence that included confinement for 15 years and a dishonorable discharge. Trial counsel recommended confinement for 72 months and a dishonorable discharge. The military judge adjudged a sentence that included 54 months of confinement and a dishonorable discharge—less than a third of the maximum term of confinement. We find Appellant's approved sentence is not inappropriately severe.

## B. Sentencing Argument

Appellant asserts that trial counsel committed prosecutorial misconduct during his sentencing argument by arguing facts not in evidence. Specifically, Appellant contends that trial counsel referred to the "dark web" on at least three occasions during argument and also argued that Appellant's crimes were aggravated by the fact that he "opened door after door after door" in order to access the images of child pornography. Trial defense counsel did not object to any of these references during trial counsel's argument. Appellant now argues that there was no evidence presented that he accessed the "dark web" or any area of the Internet that would not be accessible to an average user. Additionally, Appellant argues that there was no evidence that Appellant had installed any specialized applications that allowed him to access the "dark web" or that he had to engage in any additional steps to "open" any "doors" to access the charged images. Appellant asks us to grant him sentence relief. We find that Appellant has failed to meet his burden to demonstrate prejudice and therefore we conclude that no relief is warranted.

We review claims of prosecutorial misconduct and improper argument de novo; when no objection is made at trial, the error is forfeited, and we review for plain error. *United States v. Voorhees*, 79 M.J. 5, 9 (C.A.A.F. 2019) (citation omitted). "Plain error occurs when (1) there is error, (2) the error is plain or obvious, and (3) the error results in material prejudice to a substantial right of the accused." *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005) (citation omitted).

"Trial prosecutorial misconduct is behavior by the prosecuting attorney that 'oversteps the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense.'" *Id.* at 178 (quoting *Berger v. United States*, 295 U.S. 78, 84 (1935)). "Prosecutorial misconduct can be generally defined as action or inaction by a prosecutor in violation of some legal norm or standard, e.g., a constitutional provision, a statute, a Manual rule, or an applicable professional ethics canon." *United States v. Meek*, 44 M.J. 1, 5 (C.A.A.F. 1996) (citing *Berger*, 295 U.S. at 88) (additional citation omitted).

In presenting argument, trial counsel may "argue the evidence of record, as well as all reasonable inferences fairly derived from such evidence." *United*

*States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000) (citation omitted). In determining whether trial counsel's comments were fair, we examine them in the context in which they were made. *United States v. Gilley*, 56 M.J. 113, 121 (C.A.A.F. 2001). We do not "surgically carve out a portion of the argument with no regard to its context." *Baer*, 53 M.J. at 238 (internal quotation marks omitted).

"Where improper argument occurs during the sentencing portion of the trial, we determine whether or not we can be confident that [an appellant] was sentenced on the basis of the evidence alone." *United States v. Pabelona*, 76 M.J. 9, 12 (C.A.A.F. 2017) (quoting *United States v. Frey*, 73 M.J. 245, 248 (C.A.A.F. 2014)) (alteration in original) (internal quotations omitted) (citations omitted). In assessing prejudice from improper argument, we analyze: (1) the severity of the misconduct; (2) the measures, if any, adopted to cure the misconduct; and (3) the weight of the evidence supporting the conviction. *United States v. Halpin*, 71 M.J. 477, 480 (C.A.A.F. 2013) (quoting *Fletcher*, 62 M.J. at 184). The United States Court of Appeals for the Armed Forces (CAAF) has identified five indicators of severity: "(1) the raw numbers—the instances of misconduct as compared to the overall length of the argument[;] (2) whether the misconduct was confined to the trial counsel's rebuttal or spread throughout the findings argument or the case as a whole; (3) the length of the trial; (4) the length of the panel's deliberations[;] and (5) whether the trial counsel abided by any rulings from the military judge." *Fletcher*, 62 M.J. at 184 (citation omitted). In *Halpin*, the CAAF extended the *Fletcher* test to improper sentencing argument. 71 M.J. at 480. In assessing prejudice, the lack of a defense objection is "'some measure of the minimal impact' of a prosecutor's improper comment." *Gilley*, 56 M.J. at 123 (quoting *United States v. Carpenter*, 51 M.J. 393, 397 (C.A.A.F. 1999)).

"When the issue of plain error involves a judge-alone trial, an appellant faces a particularly high hurdle." *United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000). As the sentencing authority, military judges are presumed to know the law and apply it correctly. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009) (citations omitted). That presumption holds absent clear evidence to the contrary. *Id.* (citations omitted).

It is unnecessary to determine if trial counsel's references during his sentencing argument to the "dark web" or Appellant having to "open door after door after door" to access the charged images were error, because Appellant has failed to meet his burden to demonstrate prejudice. We note that the above statements consisted of a few, isolated references, in a sentencing argument that spanned 13 pages of transcript. We further note that the lack of objection by trial defense counsel provides us "some measure of the minimal impact" of trial counsel's argument. *Gilley*, 56 M.J. at 123 (quoting *Carpenter,* 51 M.J. at

397). We find it "highly relevant" that this case was tried before a military judge who is presumed to know the law. *United States v. Barker*, 77 M.J. 377, 384 (C.A.A.F. 2018) (citations omitted). We also presume the military judge is able to filter out improper argument in the absence of evidence to the contrary. *United States v. McCall*, No. ACM 39548, 2020 CCA LEXIS 97, at *20 (A.F. Ct. Crim. App. 26 Mar. 2020) (unpub. op.). Finally, as we noted above, the weight of the evidence supporting the convictions was strong and amply supports the sentence imposed by the military judge, which included less confinement than could have been approved under the PTA. *See Halpin*, 71 M.J. at 480 (finding lack of prejudice where, amongst other factors, imposed sentence was less than the negotiated maximum). Therefore, we find these statements did not substantially influence Appellant's sentence, nor otherwise materially prejudice a substantial right of Appellant, and we are confident that the Appellant was sentenced on the basis of the evidence alone.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and the sentence are **AFFIRMED**.[6]

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court

---

[6] Although not raised by Appellant, we also note that the entry of judgment (EoJ) fails to document Appellant's 7 January 2020 request for deferment of confinement, and the convening authority's action on Appellant's request for deferment as required by R.C.M. 1111(b)(3)(A). Appellant has not claimed any prejudice as a result of this error in the EoJ, and we find none. We direct the Chief Trial Judge, Air Force Trial Judiciary, to have a detailed military judge correct the EoJ accordingly and prior to completion of the final order under R.C.M. 1209(b) and Air Force Instruction 51-201, *Administration of Military Justice*, Section 14J (18 Jan. 2019).